IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D'LON VINCENT JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-57-K-BN |
| | § | |
| ROUNDTREE AUTOMOTIVE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* employment-related action filed by Plaintiff D'lon Vincent Johnson has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

The Court granted Mr. Johnson leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 7, and issued a notice of deficiency regarding the complaint as filed [Dkt. No. 8] (the "NOD"). And he responded to the NOD by filing an amended complaint. *See* Dkt. No. 9.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss this action with prejudice.

**Applicable Background**

Ms. Johnson's complaint as filed consisted of two pages of difficult-to-decipher handwritten allegations and a Dismissal and Notice of Rights letter from the Equal

Employment Opportunity Commission. *See* Dkt. No. 3. This filing prompted the undersigned to issue the NOD, which informed Mr. Johnson that his

> complaint does not [ ] comply with Federal Rule of Civil Procedure 8(a), which requires that a plaintiff's complaint "must contain" "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a).

Dkt. No. 8 at 1-2. After informing Mr. Johnson of the applicable pleading standards, *see id.* at 2 – also set out below – he filed an amended complaint on the court-provided form Complaint For Employment Discrimination, *see* Dkt. No. 9.

Through the amended complaint, Mr. Johnson adds several individual defendants he identifies as managers at his former employer. *See id.* at 2. He then invokes Title VII of the Civil Rights Act of 1964 and the Federal Rico Statute. *See id.* at 3. And he identifies the following conduct as discriminatory: that he was terminated after being out for "surgery 2 days"; a manager yelled and cursed at him; another manager told "the only black manager follow the process of get the [indecipherable]"; his computer was unplugged to take [him] away from computer they even had the workers and made me do all the hard work. Confirming appointments." *Id.* at 4.

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual*

allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that she contends entitle her to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); citation omitted)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-

cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

**Analysis**

For the reasons explained below, Mr. Johnson fails to plausibly allege facts to support a claim under any theory he identifies in his amended complaint. And, because Mr. Johnson filed his amended complaint in response to a court order notifying him that the factual allegations in his complaint as filed were insufficient – an order that further apprised him of the applicable pleading standards – Mr. Johnson has now stated his best case, which necessitates dismissal of his claims with prejudice.

I. <u>Title VII</u>

Mr. Johnson does not allege facts to support a direct case of discrimination. That is, even after he was allowed to amend his claims, he still fails to offer allegations that

-4-

could ultimately allow "a reasonable jury to conclude without any inferences or presumptions that race was[, for example,] an impermissible factor in the decision to terminate" him. *Vital v. Nat'l Oilwell Varco*, Civ. A. No. H-12-1357, 2014 WL 4983485, at *18 (S.D. Tex. Sept. 30, 2014) (quoting *EEOC v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996); original brackets omitted). Proving his employment claims will therefore depend on the burden-shifting framework established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), under which a plaintiff must first show a prima facie case of discrimination or retaliation before the case may proceed. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Four elements are required to assert a claim – or prima facie case – of discrimination under Title VII:

> [A plaintiff] (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy*, 492 F.3d at 556 (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

Regarding employment discrimination claims, the United States Court of Appeals for the Fifth Circuit has cautioned that a plaintiff need not make a showing of each prong of the prima facie test at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-12 (2002)). "*Raj*, however, does not exempt a plaintiff from alleging facts sufficient

to establish the elements of her claims." *Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although [the plaintiff] did not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." (citations omitted))).

The question for the Court now, then, is simply whether, after being allowed leave to amend his complaint, Mr. Johnson has provided sufficient facts to allege that he suffered discrimination in violation of Title VII. *See Swierkiewicz,* 534 U.S. at 512-13. And, if he "has not pled such facts," it is "proper[ to] dismiss[ his] complaint." *Meadows*, 731 F. App'x at 318.

Mr. Johnson has not alleged sufficient facts to support a claim that he was terminated *because of* race or some other protected classification. *See* Dkt. No. 9 at 4. "Title VII does not protect opposition to all forms of unscrupulous conduct." *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam) (citation omitted). Nor does it "set forth 'a general civility code for the American workplace.'" *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting, in turn, *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998))).

Instead, Title VII prohibits discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). And Mr. Johnson has failed to offer facts to support a claim that he suffered discrimination based on any of these attributes.

II. <u>RICO</u>

Mr. Johnson also invokes the Federal Rico Statute.

> The Racketeer Influenced and Corrupt Organization Act ("RICO") statute imposes civil liability for certain types of prohibited conduct. *See* 18 U.S.C. § 1962(a)-(d). Common elements are present under all four of these subsections. Reduced to their simplest terms, the elements are: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of (4) an enterprise. *Delta Truck & Tractor, Inc. v. J .I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988).

*Gilkey v. Livingston*, Nos. 3:06-cv-1903-D, -1904-D, & 1905-D, 2007 WL 1953456, at *4 (N.D. Tex. June 27, 2007); *accord Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) ("Regardless of subsection, RICO claims under § 1962 have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996))).

"A 'pattern' requires at least two predicate acts that are related to each other and constitute or threaten long-term criminal activity." *Giley*, 2007 WL 1953456, at *4 (citing 18 U.S.C. § 1961(5); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989); *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993)). "These requirements keep civil RICO focused on the long term criminal conduct Congress intended it to address, and 'prevent RICO from becoming a surrogate for garden-variety fraud actions properly brought under state law.'" *Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016) (citations omitted).

No facts alleged by Mr. Johnson in his amended complaint support civil liability

under RICO. *Cf. Arroyo v. Oprona, Inc.*, 736 F. App'x 427, 429 (5th Cir. 2018) (per curiam) (affirming dismissal of RICO claims that asserted "violations of ... predicate facts" but where the allegations were "conclusory").

## Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE